(No. 2641— )

MARCELLA M. CALLAHAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 24, 1941.*

CALLAHAN & CALLAHAN, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This claim was filed with the Clerk of this court on the 23rd day of March, 1935, and alleges that claimant for some time before the 6th day of February, 1934, was employed by the Research and Educational Hospitals, Department of Public Welfare of the State of Illinois, as a manual worker, and alleges that on the 6th of February, 1934, while actually engaged in duties incident to her employment, she suffered an injury to the first finger of her right hand, and that while cleaning a sink, the property of respondent, into which sink she had first sprinkled a washing or scrubbing powder furnished her by respondent for that purpose, the first finger of her right hand became abraised, scratched, lacerated, sore and raw, and shortly thereafter became infected and swollen; that she suffered severe pains and discomfort and that as a result thereof she was treated by the doctors of the Institution, who finally advised an amputation of said finger, the amputation was performed and the first finger of her right hand was amputated at the third joint, thus removing the entire finger.

It is further alleged that on February 10, 1934, the claimant informed Miss Hamilton, one of her superiors, that she had a sore finger, and that Miss Hamilton then called Miss Day, also a superior in the same employment, and that the claimant was then and there given medical care and attention by physicians in the employ of the Institution.

Thereafter, on or about the 13th day of September, 1934, claimant filed her application for adjustment of her claim

before the Industrial Commission of the State of Illinois, but no action was taken thereon, and finally dismissed with the recommendation that her claim be filed in the Court of Claims.

Because of the view we take of this case, it will be unnecessary for us to go into further details except to say respondent has paid all hospital bills and doctor bills and to say further that no monies or compensation had been paid claimant on account of the injury.

The Attorney General has made a motion to dismiss. It appears from the complaint that notice was given in apt time, but a claim was not made for compensation within the time prescribed by statute. Under the Court of Claims Act, the Court of Claims must administer the Workmen's Compensation law in accordance with the terms and provisions of that law. No compensation was ever paid to claimant. Under the statute, no proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer within thirty days. This apparently was done and no proceedings for compensation under the Act shall be maintained unless claim for compensation has been made within six months after the accident, provided that in any case unless application for compensation is filed with the Industrial Commission within one year after the date of the accident, or within one year after the date of the last payment of compensation, if any had been paid, then the right to file such application shall be barred.

It is, therefore, necessary to give this court jurisdiction to make an application for compensation within one year. This has been the holding of this court and the Supreme Court of Illinois in industrial cases many times. The motion of the Attorney General will, therefore, be sustained and the claim denied.